McKinney, J.,
delivered the opinion of the court.
This was a bill for the administration of an insolvent estate.
The only questions necessary to be noticed arise between the Bank of Tennessee and the other creditors of the estate. The bank held a mortgage on a tract of land, of which the testator was the equitable owner. The land was sold by order of the Chancellor, and the proceeds applied: 1st, to the satisfaction of the unpaid purchase money due the vendor; and, 2nd, towards the *353 satisfaction of the mortgage deht. due to the hank of Tennessee. But the fund being insufficient to discharge both debts, a balance of between _ two and three thous- and dollars of the debt due to the bank remains unsatisfied;
The available assets fall short of meeting the full amount of the debts due from the estate; and, as respects the balance of the debt remaining due to the bank of Tennessee, the first question is: Whether the bank is to be regarded as standing on the same footing with the general creditors of the estate, and merely entitled with them, to a ratable division; or, whether it is entitled to be paid the full amount of its debt in preference to the other creditors ? ,
The act of 1833, ch. 36, providing for the administration and distribution of insolvent estates, by the 4th section, gives priority to certain debts, and amongst others, to debts cmd arrearages d/ae to the State / and a similar provision is contained in the act of 1851-2. And it is argued, that, as the Bank of Tennessee is a State institution, exclusively owned and controlled by the State, it follows that a debt due to the bank is a debt due to the State, within the meaning of the statute above referred to; and, therefore, the bank is entitled to priority over. the other creditors. This argument is wholly untenable.' The statute obviously refers to “debts and arrearages” due to the Government, or State, in its sovereign character, as revenue, fines, forfeitures, penalties, &c. It is clear that it has no application to corporations created for banking purposes, though the whole interest in such corporation may be in the State.
*354 In creating such a corporation, the State has invested it with none of its rights or prerogatives, none of its powers or incidents of sovereignty; but has, in this respect, placed it upon the' same footing as other corporate bodies, and the same principles are applicable to it. In assuming to cany on the business and to exercise the functions of banking, the Government, thus far, in the language of O. J. Marshall, divests itself of its sovereign character, and takes that of a private citizen, or corporation. Hence, the corporation, though belonging exclusively to the State, is subject to be sued; is within the operation of the statute of limitations; and in the collection of its debts, can assert no priority or right over other creditors. 9 Wheaton’s R., 904. 3 McCord’s R., 377. 6 Alabama R., (new series,) 814. 2 Peters’ R., 323. 8 Watts’ R., 316.
2. Another question is made on behalf of the other creditors. For them, it is insisted, that inasmuch as the Bank of Tennessee under the lien of the mortgage, acquired in the lifetime of Wheatley, has already received, under the decree of the Chancellor made in this cause, some twenty-five hundred dollars of its debt, it ought not, for the balance of the unsatisfied debt, to be permitted to come in with the general creditors, who have received nothing, for a fro rata division of the residue of the funds, until at least the other creditors sha.11 have received out of the said fund, an equal proportion of their respective debts with that received by the bank under the mortgage. This proposition is likewise wholly untenable. The statutes regulating the administration of insolvent estates, were not intended, and cannot be construed to affect, in the remotest *355 degree, liens acquired in tlie lifetime of the deceased insolvent. They contemplate only a ratable division of the assets, which by law, are subject to the satisfaction of the general creditors.
The bank, therefore, as to the unsatisfied balance of its debts, is entitled to a pro rata division of the fund .remaining for distribution among the general creditors. The Chancellor so held, and the decree is affirmed.